[No. 22026. Department Two. January 16, 1930.]

ANNA M. FISHER, *Appellant*, v. CHARLES E. FISHER, *Respondent*.[1]

*Hyland, Elvidge & Alvord* and *Tucker & Tucker*, for appellant.

*Charles H. Heighton, Harry J. Kuen*, and *G. Russ Bailey*, for respondent.

FRENCH, J.—Appellant and respondent were divorced in the year 1920, the decree awarding to the wife certain cash, the custody of their minor child, and requiring the respondent to pay the sum of thirty-five dollars a month for the support of such child.

By a petition properly filed, respondent asked to be relieved from making any further payment for the support of the boy, now about nine years of age. The trial court reduced the payments to $17.50 a month for a period of one year and until the further order of the court.

Respondent owns a farm near Kent, Washington, which is quite heavily incumbered, owns a large amount of farming equipment, is in the business of

[1]Reported in 283 Pac. 1096.

buying and selling livestock, and carries on quite extensive business operations. He has since remarried, and, in addition thereto, furnishes considerable money for the support of his mother and sister, and although it was claimed on the trial that the money furnished to the mother and sister was the repayment of money loaned, we think the record clearly establishes that, at that time at least, the respondent was not indebted in any amount to his mother, and that such sums as he is now furnishing are voluntary contributions on his part.

The record further shows that the appellant, by unfortunate investments, lost most of the money which was awarded to her by the divorce decree. The record also shows that she has, from time to time, been able to save small sums of money which she has placed in a savings bank or in building and loan association shares, this money being saved for the purpose of providing for the future education of her son.

Matters such as these present only questions of fact, and are, generally speaking, to be left largely to the discretion of the trial court, who, through his opportunity to listen to the testimony of the witnesses personally, is better enabled to arrive at a correct understanding of the facts than are we, who depend entirely upon the printed record.

There is, however, one outstanding fact in this case. The father conducts what appears to be a very substantial business. He is furnishing money for the support of his mother and sister, and, while he is to be highly commended for this, the primary obligation on his part is to support his son. It cannot be seriously contended that the thirty-five dollars a month provided in the decree could possibly pay for the support of a nine-year old boy except under circumstances where he becomes part of another family and his

expenses are paid in conjunction with the general expenses necessary to maintaining a family home. The serious complaint made by appellant is to the wording of the decree which provides that the payments shall be reduced to $17.50 per month for one year and until the further order of the court, thus necessitating the institution of an action on behalf of appellant to increase this allowance, and placing upon her the burden of showing a changed condition at the time of such application. Respondent, in this court in oral argument, concedes that such was not the intention.

We hold that the order of the lower court reducing the payments to be made to $17.50 a month for one year shall stand as correct, but that the payments shall then automatically revert to $35 per month, with the burden on respondent to show the necessity for any reduction from that amount.

As thus modified, the decree will be affirmed with costs to appellant.

MITCHELL, C. J., FULLERTON, HOLCOMB, and MAIN, JJ., concur.